IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**MAZEN DIAB, Individually and on**           **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                No. 1:20-cv-536

**SYNERGY ONE LENDING, INC., and**       **DEFENDANTS**
**MUTUAL OF OMAHA MORTGAGE, INC.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Mazen Diab ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Synergy One Lending, Inc., and Mutual of Omaha Mortgage, Inc. (collectively "Defendant" or "Defendants"), he does state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.   Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2.      Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally violated the FLSA as described, *infra.*

## II.     JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges Texas Labor Code violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this Court has supplemental jurisdiction over Plaintiff's Texas Labor Code claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendants conduct business within the State of Texas.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

7.      Plaintiff was employed by Defendants at one of their branches located in the Austin Division of the Western District of Texas.

8.      The acts alleged in this Complaint had their principal effect within the Austin Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

9.      Plaintiff is an individual resident and domiciliary of the State of Texas.

10.     Separate Defendant Synergy One Lending, Inc. ("Synergy One"), is a foreign, for-profit corporation, registered to do business in Texas.

11.     Synergy One's registered agent for service in Texas is Paracorp Incorporated, at 3610-2 North Josey Lane, Suite 223, Carrollton, Texas 75007.

12.     Synergy One maintains a website at https://s1lending.com/.

13.     Separate Defendant Mutual of Omaha Mortgage, Inc. ("Mutual of Omaha"), is a foreign, for-profit corporation, registered to do business in Texas.

14.     Mutual's registered agent for service in Texas is Paracorp Incorporated, at 3610-2 North Josey Lane, Suite 223, Carrollton, Texas 75007.

15.     Mutual maintains a website at https://www.mutualmortgage.com/.

## IV.     FACTUAL ALLEGATIONS

16.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

18.     Upon information and belief, the revenue generated from Mutual of Omaha and Synergy One is merged and managed in a unified manner.

19.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operate as a single enterprise.

20.     During each of the three years preceding the filing of this

Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

21.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

22.    At all times material herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

23.    Defendant owns and operates a mortgage and loan company.

24.    At all times material herein, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid him an hourly wage.

25.    At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits of the FLSA.

26.    Defendant employed Plaintiff as an hourly-paid Loan Officer from May of 2018 to April of 2020.

27.    At all relevant times herein, Defendant directly hired Loan Officers to work in its offices, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

28.     As a Loan Officer, Plaintiff's duties included originating loans, following up with clients and real estate agents, and ensuring that loan paperwork is progressing pursuant to certain deadlines.

29.     Plaintiff and similarly situated employees regularly worked in excess of 40 hours per week while working for Defendant.

30.     In addition to their hourly rate, Plaintiff and similarly situated employees were paid commission based on sending referrals to real estate agents, funding loans and selling mortgages.

31.     During weeks in which Plaintiff and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the commissions that Defendant provided to Plaintiff and similarly situated employees.

32.     Section 778.117 of Title 29 of the CFR states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

33.     Therefore, Defendant violated the FLSA by not including all forms of compensation, such as commissions, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

34.     Upon information and belief, Defendant's pay policy was the same at all of its locations.

35.    At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

36.    Plaintiff was regularly required to answer work-related phone calls from home in the evenings and on weekends while he was not clocked in.

37.    Plaintiff spent at least ten (10) hours per week working off the clock.

38.    Defendant was aware that Plaintiff was working off the clock but refused to compensate him for that time.

39.    Defendant required Loan Officers to hit certain metrics, such as making a certain number of calls per week or performing a certain number of credit checks per week.

40.    Loan Officers were generally unable to hit their metrics without working over forty hours per week.

41.    Defendant refused to approve some overtime requests from Loan Officers.

42.    Defendant was or should have been aware that Plaintiff's job duties required him to perform work outside of his recorded hours.

43.    Defendant's failure to compensate Plaintiff for his off-the-clock work resulted in additional overtime violations.

44.    To date, Plaintiff has not received his final paycheck, which included commission for referrals.

45.    Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

46.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47.    Plaintiff brings his FLSA claim on behalf of all other Loan Officers who were paid commission and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A.    Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a week;

B.    Liquidated damages; and

C.    Attorney's fees and costs

47.    Plaintiff proposes the following collective under the FLSA:

**All hourly-paid Loan Officers who earned a commission in connection with work performed in any week in which they worked more than forty hours within the past three years.**

48.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50.    The proposed FLSA collective members are similarly situated in that they share these traits:

A.     They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.     They were paid hourly rates;

C.     They were eligible for and received commission;

D.     They had the same or substantially similar job duties, requirements and pay provisions;

E.     They worked over forty (40) hours in at least one week in which they performed work related to receiving commission; and

F.     They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

51.     Plaintiff is unable to state the exact number of the class but believes that there are at least one hundred (100) other employees who worked as Loan Officers and received an improperly calculated overtime rate.

52.     Defendant can readily identify the members of the Section 16(b) class which encompasses all hourly Loan Officers who received a commission in connection with work performed in any week in which they worked over forty hours.

53.     The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

57.    Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

58.    Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of 40 per week.

59.    Defendant violated Section 778.117 of Title 29 of the CFR by not including commissions paid to Plaintiff in his regular rate when calculating his overtime pay.

60.    Defendant failed to pay Plaintiff for all hours worked.

61.    Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate for all hours worked over forty in a week.

62.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

63.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated

damages, and costs, including reasonable attorney's fees as provided by the FLSA.

64.      Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.      SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

65.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

66.      Plaintiff brings this collective action on behalf of himself and all hourly Loan Officers who were employed by Defendant and received commission, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours he and they worked in excess of forty (40) each week.

67.      29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

68.      Defendant violated Section 778.117 of Title 29 of the CFR by not including all forms of compensation, such as commissions, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

69.      In the past three years, Defendant has employed more than one hundred (100) hourly Loan Officers who were eligible for nondiscretionary bonuses.

70.    Upon information and belief, Plaintiff and almost all Loan Officers who received commissions regularly worked more than 40 hours in a week.

71.    Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

72.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

74.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of Texas Labor Code)

75.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

76.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the Texas Labor Code.

77.    At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the Texas Labor Code, § 61.001.

78.    Tex. Labor Code § 61.014 requires employers to pay terminated employees in full within six days after the date of discharge and requires

employers to pay an employee who leaves voluntarily within the date of the next scheduled payday.

79.     To date, Defendant has failed to pay Plaintiff his final paycheck, and the time period specified in Tex. Labor Code § 61.014 has expired.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Mazen Diab, individually on behalf of all others similarly situated, respectfully prays as follows:

A.     That each Defendant be summoned to appear and answer this Complaint;

B.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

C.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.     Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the attendant regulations;

E.     Judgment for liquidated damages under the FLSA and the attendant regulations;

F.     Judgment for damages pursuant to the Texas Labor Code, § 61.014;

G.     For a reasonable attorney's fee, costs, and pre-judgment interest; and

H.     Such other relief as this Court may deem just and proper.

Respectfully submitted,

**MAZEN DIAB, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com